UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUHAMMAD MIAH,<br><br>              Plaintiff,<br><br>vs.<br><br>THE DOMINICK HOTEL,<br><br>              Defendant. | CIVIL ACTION NO. 1:20-cv-01172-LJL<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant 246 Spring Street (NY), LLC, d/b/a The Dominick Hotel, erroneously pleaded as The Dominick Hotel, (hereinafter "Defendant" and/or the "Hotel"), by and through its undersigned counsel, WINGET, SPADAFORA & SCHWARTZBERG, LLP, as and for its Answer to the Complaint ("Complaint") filed by Plaintiff Muhammad Miah, ("Plaintiff"), states as follows:

Plaintiff's introductory remarks are merely Plaintiff's purported description of this action containing no factual allegations to which a response is required by Defendant. To the extent a response is required, Defendant denies the allegations contained within Plaintiff's introductory remarks in the Complaint.

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "1" of the Complaint.

2. Defendant denies the allegation in Paragraph "2" of the Complaint.

3. Defendant denies the allegations in Paragraph "3" of the Complaint.

4. Defendant repeats and re-alleges the responses to Paragraphs "1" through "3" of the Complaint as if fully set forth herein.

5. Defendant admits that Plaintiff was hired on a probationary basis on August 26, 2019. The remaining allegation in Paragraph "5" of the Complaint is denied.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "6" of the Complaint.

7. Defendant admits that Plaintiff was hired as a Bell Person. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph "7" of the Complaint.

8. Defendant denies the allegations in Paragraph "8" of the Complaint.

9. Defendant denies the allegations in Paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "11" of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "12" of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "16" of the Complaint.

17. Defendant denies the allegations in Paragraph "17" of the Complaint.

18. Paragraph "18" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "19" of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "20" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "21" of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "22" of the Complaint.

23. Defendant denies the allegations in Paragraph "23" of the Complaint, except admits a complaint was made about Plaintiff.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "24" of the Complaint.

25. Defendant denies the allegations in Paragraph "25" of the Complaint.

26. Defendant denies the allegations in Paragraph "26" of the Complaint, except admits that Plaintiff was terminated on October 31, 2019.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "27" of the Complaint.

28. Defendant denies the allegations in Paragraph "28" of the Complaint.

29. Defendant denies the allegations in Paragraph "29" of the Complaint.

30. Paragraph "30" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "30" of the Complaint.

31. Defendant denies the allegations in Paragraph "31" of the Complaint.

32. Paragraph "32" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "32" of the Complaint.

33. Paragraph "33" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "33" of the Complaint.

34. Paragraph "34" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "34" of the Complaint.

35. Paragraph "35" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "35" of the Complaint.

36. Defendant denies the allegations in Paragraph "36" of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "37" of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "38" of the Complaint.

## AS AND FOR AN ANSWER TO "FIRST CAUSE OF ACTION

## TITLE VII RETALITATION [SIC]"

39. Defendant repeats and re-alleges the responses to Paragraphs "1" through "38" of the Complaint as if fully set forth herein.

40. Defendant denies the allegations in Paragraph "40" of the Complaint.

41. Defendant denies the allegations in Paragraph "41" of the Complaint.

42. Defendant denies the allegations in Paragraph "42" of the Complaint.

43. Paragraph "43" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "43" of the Complaint.

44. Paragraph "44" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "44" of the Complaint.

## AS AND FOR AN ANSWER TO "SECOND CAUSE OF ACTION

## NEW YORK CITY HUMAN RIGHTS LAW RETALIATION"

45. Defendant repeats and re-alleges the responses to Paragraphs "1" through "44" of the Complaint as if fully set forth herein.

46. Paragraph "46" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "46" of the Complaint.

**AS AND FOR AN ANSWER TO "THIRD CAUSE OF ACTION TITLE VII DISCRIMINATION ON THE BASIS OF RACE OR NATIONAL ORIGIN"**

47. Defendant repeats and re-alleges the responses to Paragraphs "1" through "46" of the Complaint as if fully set forth herein.

48. Paragraph "48" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "48" of the Complaint.

49. Paragraph "49" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "49" of the Complaint.

**AS AND FOR AN ANSWER TO "FOURTH CAUSE OF ACTION VIOLATION OF THE CITY HUMAN RIGHTS LAW DISCRIMINATION ON THE BASIS OF RACE OR NATIONAL ORIGIN"**

50. Defendant repeats and re-alleges the responses to Paragraphs "1" through "49" of the Complaint as if fully set forth herein.

51. Paragraph "51" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "51" of the Complaint.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss the Complaint and all claims for relief set forth therein with prejudice and grant such other and further relief in favor of Defendant as this Court may find just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this action.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

If Plaintiff sustained any damages as alleged in the Complaint, all of which are expressly denied, then such damages were caused, either in whole or in part, by the Plaintiff's own culpable conduct, fault and/or negligence, and any recovery herein shall be diminished accordingly.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff sustained any damages as alleged in the Complaint, all of which are expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which Defendant had no control, with no act or omission on the part of said Defendant contributing thereto.

**FOURTH AFFIRMATIVE DEFENSE**

The damages alleged to have been suffered by the Plaintiff were caused in whole or in part by the conduct of persons or entities other than Defendant.  Therefore, the Plaintiff's claims are barred or diminished in the proportion that such culpable conduct of other persons or entities bear to the total culpable conduct causing damages.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's alleged conduct was not a proximate cause of any of the damages alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint fails to join all persons and/or entities necessary for the just adjudication of this action.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata, waiver, estoppel, unclean hands and/or laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred and/or precluded, in whole or in part, by virtue of the expiration of the applicable Statutes of Limitations.

### NINTH AFFIRMATIVE DEFENSE

Defendant's treatment of Plaintiff was based on reasonable, legitimate business factors, sound business judgment undertaken in good faith, was non-discriminatory and non-retaliatory in nature, and was consistent with and in compliance with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and the New York City Human Rights Law, N.Y.C. Adm. Code §8-107 *et. seq.* ("NYCHRL") and all other applicable laws.

### TENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, fails to allege facts sufficient to allow recovery of general damages, special damages, liquidated damages, compensatory damages, attorneys' fees or punitive damages against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering, in whole or in part, by virtue of his failure to mitigate the alleged damages (which alleged damages are expressly denied).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for the recovery of punitive and/or liquidated damages. Assuming, *arguendo*, that Defendant violated the NYCHRL, Plaintiff's request for an award of punitive damages should be denied as a matter of law because Defendant did not act maliciously,

willfully, or with reckless indifference toward Plaintiff, therefore disallowing punitive damages under the NYCHRL.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claims fail because, *inter alia*, he did not engage in protected activity pursuant to Title VII or the NYCHRL.

## FOURTEENTH AFFIRMATIVE DEFENSE

The NYCHRL claims are barred by the election of remedies doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as Plaintiff has failed to allege any cognizable theory of damages against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

## DESIGNATION OF TRIAL COUNSEL

Robyn Silvermintz, Esq., is designated as trial counsel for Defendant in this matter.

Dated: April 6, 2020
      River Edge, New Jersey

                      Respectfully submitted,
                      WINGET, SPADAFORA &
                      SCHWARTZBERG, LLP
                      *Attorneys for Defendant*
                      *The Dominick Hotel*

                      By: /s/ Robyn Silvermintz

Robyn Silvermintz, Esq.
65 East Route 4, Suite 201
River Edge, New Jersey 07661
(973) 221-8200
(973) 221-8201
silvermintz.r@wssllp.com

10